1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    EASTERN DISTRICT OF WASHINGTON
8
9    ALICIA R. HOY,                          No. 2:15-CV-00169-JTR
10                Plaintiff,
11                                    ORDER GRANTING
                  v.                  DEFENDANT'S MOTION FOR
12                                    SUMMARY   JUDGMENT
13   CAROLYN W. COLVIN,
14   Commissioner of Social Security,
15                Defendant.
16
17        **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF

18   No. 14, 15.  Attorney Lora Lee Stover represents Alicia R. Hoy (Plaintiff); Special

19   Assistant United States Attorney Ellinor R. Coder represents the Commissioner of

20   Social Security (Defendant).  The parties have consented to proceed before a

21   magistrate judge.  ECF No. 5.  After reviewing the administrative record and briefs

22   filed by the parties, the Court **GRANTS** Defendant's Motion for Summary

23   Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

24                              **JURISDICTION**

25        Plaintiff filed an application for Supplemental Security Income (SSI) on

26   February 24, 2012, alleging disability since June 1, 2010, due to mental problems,

27   including bipolar disorder, attention deficit hyperactive disorder (ADHD), and

28   posttraumatic stress disorder.  Tr. 202-210, 263.   The applications were denied

initially and upon reconsideration.  Tr. 123-138.  Administrative Law Judge (ALJ) Marie Palachuk held a hearing on November 6, 2013, at which Plaintiff, represented by counsel, vocational expert, Daniel McKinney, and medical expert, Joseph Cools, Ph.D., testified.  Tr. 48-81.  The ALJ issued an unfavorable decision on November 22, 2013.  Tr. 24-36.  The Appeals Council denied review on May 12, 2015.  Tr. 1-7.  The ALJ's November 22, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on July 8, 2015.  ECF No. 1, 6.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 28 years old at the date of application.  Tr. 202.  She completed some college.  Tr. 264.  Plaintiff reported she stopped working on June 1, 2010, due to her conditions.  Tr. 263.  Her work history included customer service representative, office assistant, and sales person.  Tr. 264.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 416.920(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 22, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 24, 2012, the application date. Tr. 26.

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder; anxiety disorder; posttraumatic stress disorder; and borderline personality disorder. Tr. 26.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26-27.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a full range of work at all exertional levels with the following nonexertional limitations:

> The claimant is able to understand, remember, and carry out simple, routine, and repetitive tasks and instructions involving up to three step commands. The claimant can have no judgment or decision making as part of her work routine. There should be no production rate or pace of work. The claimant can have no public interaction. She can have brief, superficial, and infrequent contact with coworkers and supervisors.

Tr. 27. The ALJ identified Plaintiff's past relevant work as general clerk, park aide, and teacher aide. Tr. 35. The ALJ concluded that Plaintiff was not able to perform her past relevant work. *Id*.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of industrial cleaner, inspector packer, and automatic packer operator. Tr. 35-36. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date of application, February 24, 2012, through the date of the ALJ's decision, November 22, 2013. Tr. 36.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

standards.  Plaintiff contends the ALJ erred by (1) failing to include all of Plaintiff's limitations in the residual functional capacity determination; (2) failing to give the vocational expert an accurate hypothetical; and (3) making a decision not supported by the evidence of record.

## DISCUSSION

**A.    Residual Functional Capacity**

Plaintiff argues that the ALJ did not include limitations opined by Dr. Cools, in her residual functional capacity determination.  ECF No. 14 at 8-11.

A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a).  In formulating a residual functional capacity, the ALJ weighs medical and other source opinions along with other evidence in the record.  *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).  If a residual functional capacity determination conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.  S.S.R. 96-8p.

At the hearing, Dr. Cools testified as follows regarding Plaintiff's residual functional capacity:

> But I think she does have substantial functional limitations and some work-related functions and I certainly would restrict her contact with other people as very brief, superficial and infrequent contact, including the general public, co-workers and supervisors.  She's very hypersensitive to criticism and is likely to decompensate even with very mild kinds of criticism, such as regular supervision correcting her mistakes that she's making in a work-like situation.  She also should not be subjected to strict production standards.  That, I think, would generate even more anxiety and could be reliably predicted to cause the decompensation.  Other than that, I think she could emotionally handle simple, routine instructions and carry out such instructions with adequate concentration, pace and persistence with the limitations that I've given under people contact as well as her production standards.

> Q      One final thing, doctor, it sounds from your review of the records, like she has pretty poor judgment.  Would it be a good idea to limit her to positions where she doesn't have to actually exercise judgment?
>
> A      Absolutely.
>
> ALJ: Okay. Great.   Thank you, doctor.   I don't have any other questions for you.

Tr. 61-62.  Plaintiff's counsel cross examined Dr. Cools.  When asked about any limitations in Plaintiff's ability to maintain a schedule, Dr. Cools responded with "Well practical limitations.  I mean she's had those limitations before because she's had a lot of difficulty with transportation issues, getting -- even getting her babies to the doctor or getting herself to the doctor or the same kind of schedule, but that's not due to her mental issues per se."  Tr. 62-63.

Plaintiff argues that the ALJ failed to include Dr. Cools' limitation that Plaintiff was "very hypersensitive to criticism and is likely to decompensate even with very mild kinds of criticism, such as regular supervision correcting her mistakes that she's making in a work-like situation," and Plaintiff's absenteeism in her residual functional capacity determination.  ECF No. 14 at 8-11.

As to Plaintiff's hypersensitivity to criticism, Defendant asserts that Dr. Cools' comment was simply an example of Plaintiff's limitation in interacting with co-workers and supervisors.  ECF No. 15 at 4-5.  Defendant appears to assert that physiological limitations in a residual functional capacity assessment must be expressed in terms of the basic work functions set forth in 20 § C.F.R. 416.921(b).  ECF No. 15 at 5.  But, 20 § C.F.R. 416.921(b) speaks to a limited number of basic work functions as examples.  The ALJ can, and should, address all limitations with specificity, such as a claimant's ability to handle criticism.

The ALJ errored when she failed to include the limitation regarding Plaintiff's hypersensitivity to criticism in the residual functional capacity

determination without explaining why in her decision.  However, this error is harmless.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").  The ALJ gave significant weight to the State agency psychological opinions in the current application.  Tr. 32.  These opinions included a residual functional capacity assessment that stated Plaintiff "can accept reasonable supervision," and this is consistent with the ALJ's residual functional capacity determination that Plaintiff can have "brief, superficial, and infrequent contact," with supervisors.  Tr. 101, 114.  Plaintiff did not challenge the weight given to these opinions; therefore, the Court will not address the weight these opinions received.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief).  Therefore, the ALJ's residual functional capacity determination is supported by substantial evidence.

Plaintiff also argued that the ALJ failed to include Dr. Cools' limitation regarding absenteeism in her residual functional capacity determination.  ECF No. 14 at 8-11.  Plaintiff based this argument on Dr. Cools' testimony that Plaintiff had a moderate limitation in concentration, persistence, and pace when addressing the paragraph B criteria identified in section 12.00 of the listing of impairments.  ECF No. 14 at 10; Tr. 60-61.

In her decision, the ALJ correctly stated that the paragraph B criteria is used as part of assessing whether or not a claimant meets a listing, and not as part of a residual functional capacity determination.  Tr. 33; *See* S.S.R. 96-8p.  Therefore, the ALJ's determination regarding the treatment of Dr. Cools' testimony of a moderate limitation in concentration, persistence, and pace is free of error.

**B.    Hypothetical to Vocational Expert**

Plaintiff also argues that the ALJ's hypothetical question to the vocational

expert was inadequate because it failed to account for the limitations of hypersensitivity to criticism and absenteeism as opined by Dr. Cools. ECF No. 14 at 8-11. An ALJ is only required to present the vocational expert with those limitations the ALJ finds to be credible and supported by the evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). As discussed above, the ALJ's residual functional capacity determination was supported by substantial evidence and free of harmful legal error. Therefore, the ALJ's hypothetical as presented to the vocational expert was without error.

## C.    The Record as a Whole

Plaintiff asserts that the evidence taken from the record as a whole does not support the ALJ's decision that Plaintiff was not disabled. ECF No. 14 at 6. However, the Plaintiff fails to support this assertion with specific argument. The Court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle*, 533 F.3d at 1161 n.2. The Ninth Circuit has explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the Ninth Circuit has repeatedly admonished that the court will not

"manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider the remaining issue.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED May 12, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE